UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDER LEYVA-GONZALEZ, A-240-626-545,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | No.  1:26-cv-1915 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a citizen of Cuba who entered the United States on May 8, 2022.  ECF No. at 1 at 7, 13; ECF No. 7 at 1, 9.  Later that same day, he was issued a Notice to Appear and released from custody on his own recognizance.  ECF No. 7 at 2, 9.  On January 9, 2026, petitioner's case was dismissed in immigration court and he was re-detained.  Id. at 2, 9.  Petitioner has no known criminal history (id. at 9) and has yet to receive either a pre- or post-deprivation hearing (ECF No. 1 at 7-8).

II.     Procedural History

On March 9, 2026, petitioner filed a pro se petition for writ of habeas corpus under 28

1

U.S.C. § 2241 challenging his detention by the DHS.  ECF No. 1.  The petition asserts multiple claims which all essentially allege that petitioner's continued, prolonged detention without a bond hearing violates due process.  Id.  Respondents oppose the petition, arguing that petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or alternatively § 1225(b)(2), and therefore is not entitled to a bond hearing.[1]  ECF No. 7.  Counsel for petitioner then appeared and filed a traverse that argued respondents' claim that petitioner was subject to § 1225 was unsupported, that the revocation of petitioner's release violated due process, and that respondents lack a statutory basis for petitioner's detention because his removal proceedings were dismissed and no new proceedings had been initiated.  ECF No. 10.

On May 11, 2026, the undersigned noted that the petition raised a claim based on revocation of release and directed respondents to file a supplemental response that "substantively address[ed] whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court."  ECF No. 11.  Respondents filed a response stating that they incorporated their prior arguments and "this matter is not substantively distinguishable from the Court's prior precedent."  ECF No. 12.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas

---

[1]  Respondents have also filed a motion to dismiss all respondents except petitioner's immediate custodian.  ECF No. 6.  Although Doe v. Garland, 109 F.4th 1188, 1195-97 (9th Cir. 2024), held that an petitioner challenging his immigration detention must name his immediate custodian, it does not necessarily preclude naming more than one respondent so long as the immediate custodian is named.  In this case, petitioner has named his immediate custodian and it will be recommended that the motion to dismiss be denied.

proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Rocha Chavarria, 2025 WL 3533606, and Ayala Cajina, 2025 WL 3251083, or any other similar cases previously decided by this court.  Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Rocha Chavarria and Ayala Cajina and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process.  Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss all respondents other than petitioner's immediate custodian (ECF No. 6) be DENIED.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

a. Respondents shall IMMEDIATELY RELEASE petitioner Wilder Leyva Gonzalez, A-240-626-545, with the same conditions he was subject to immediately prior to his detention on January 9, 2026.  At the time of release, respondents must return all of petitioner's documents and possessions.

b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or

danger to the community and petitioner's eligibility for bond must be considered.

      d.  The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his January 9, 2026 detention.

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE